NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| VINCENT TEMPELMAN, | : | |
| *Plaintiff*, | : | Civil Action No. 14-4922 (MCA) |
| | : | |
| | : | OPINION |
| | : | |
| v. | : | January 22, 2015 |
| | : | |
| TRANS UNION, LLC, | : | |
| | : | |
| *Defendant.* | : | |
_____ :

**ARLEO**, UNITED STATES DISTRICT JUDGE.

Before this Court is the motion of Defendant Trans Union, LLC ("Defendant"), to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11, Mot. to Dismiss). Plaintiff Vincent Tempelman ("Plaintiff") opposes this motion. (Dkt. No. 12, Pl.'s Br. in Opp'n). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. Upon consideration of the parties' submissions in connection with this motion, and for the reasons set forth herein, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This case arises out of Defendant's failure to report certain of Plaintiff's accounts as disputed, allegedly in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (See Dkt. No. 1, Compl., at ¶¶ 7-50). Plaintiff is a pro se litigant residing in Morris County, NJ, while Defendant is a consumer reporting agency with a mailing address at P.O. Box 2000,

Chester, PA 19022.  (Id. at ¶¶ 3-4, 22).  Plaintiff claims that he and his wife initially disputed their accounts with Weichert Financial Services (the "Weichert Account") and GMAC Mortgage (the "GMAC Account", and collectively, the "Accounts") via letters to those creditors dated September 29, 2010, and December 27, 2010, respectively.  (Id. at ¶¶ 7-8).  On May 24, 2012, however, Plaintiff alleges that he obtained a copy of his credit report in which he learned that neither account was listed as disputed.  (Id. at ¶ 9).

Thereafter, Plaintiff sent a letter to Defendant on June 1, 2012, in which he both informed Defendant that the Accounts were in dispute and requested that Defendant investigate the matter. (Id. at ¶ 10).  In its June 30, 2012, response, Defendant notified Plaintiff that the Accounts had been updated, but the Accounts continued to carry no notation indicating that they were disputed. (Id. at ¶ 11).  On July 30, 2012, Plaintiff then wrote another letter to Defendant in which he: (1) again disputed the Accounts; (2) requested a reinvestigation by Defendant; and (3) enclosed copies of the September 29, 2010, and December 27, 2010, letters to the creditors.  (Id. at ¶ 12).  Defendant responded on August 7, 2012, and informed Plaintiff that the accuracy of the Accounts had been verified in Defendant's prior investigation; accordingly, the Accounts continued to bear no notation of a dispute.  (Id. at ¶ 13).  Plaintiff further alleges that his wife sent a separate letter to Defendant with respect to the Accounts on November 1, 2012.  (Id. at ¶ 14).  Ultimately, Plaintiff states that the Weichert Account was listed as disputed on his wife's December 30, 2012, credit report, while the GMAC Account continues to carry no such notation.  (See id. at ¶¶ 15-18).

Plaintiff then filed the instant Complaint on August 5, 2014, alleging that Defendant's failure to note the Accounts as disputed on his credit report give rise to multiple violations of 15 U.S.C. 1681i(c).  (See, e.g., id. at ¶¶ 33-34, 49-50).  Plaintiff claims further that Defendant's alleged violations of the FCRA were willful, thus entitling him to statutory damages of $1,000,

plus attorney's fees and costs, for each violation pursuant 15 U.S.C. § 1681n.  (See, e.g., id. at ¶ 34).  In all, Plaintiff alleges twenty-seven violations of the FCRA—one violation for each month that Defendant failed to report the Accounts as disputed on Plaintiff's credit report.  (See generally id. at ¶¶ 19-450).  More specifically, four of the twenty-seven counts (Counts I, III, V, and VII) relate to the Weichert Account for the months covering August through November of 2012, while the remaining twenty-three counts relate to the GMAC Account for each month from August 2012 to July 2014.  (Id.).  The allegations contained in the counts corresponding to each of the two Accounts are essentially identical with the exception of the date of the alleged violation.  (See id.).

In support of its motion, Defendant argues that Plaintiff fails to state a claim under § 1681i(c) because Plaintiff never submitted to Defendant a "statement of dispute," which is required to trigger Defendant's obligation to note the dispute on future consumer reports.  Plaintiff having thus failed to establish a violation of the FCRA, Defendant argues that it necessarily follows that there can be no claim for a willful violation of the statute.  Finally, Defendant argues that the Complaint should be dismissed because its length and repetitiveness violate Rule 8's "short and plain statement" requirement.[1]

## II.  DISCUSSION

### A.  The Rule 12(b)(6) Standard

Under Fed. R. Civ. P. 8, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . the claim is and the grounds upon which it rests.  Bell Atl. Corp.

---

[1] Defendants also seek dismissal of the Complaint to the extent that it attempts to allege violations of §§ 1681c(f) and 1681s-2.  Plaintiff affirmatively states that he is not alleging violations of those sections; rather, he merely refers to them in the Complaint in order to provide additional background regarding the dispute process.  Therefore, the Court is satisfied that the Complaint alleges violations of § 1681i(c) only.

v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  Id.

While this standard certainly places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.  Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

While the above framework still applies in cases where, as here, a plaintiff is proceeding pro se, the court is required to construe the pro se complaint more liberally than it would a complaint drafted by an attorney.  Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). This less stringent standard does not mean, however, that pro se plaintiffs need not abide by the basic rules of pleading; they "still must allege sufficient facts in their complaints to support a

claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013).  With these principles in mind, it is now appropriate to turn to the allegations in the Complaint.

**B. Analysis**

**1. Plaintiff's Claims Under 15 U.S.C. § 1681i(c)**

In general, 15 U.S.C. § 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide whenever a consumer disputes an item contained in his or her credit file.  Section 1681i(a) outlines the reinvestigation that the CRA must undertake after the consumer notifies the CRA of the dispute.  Section 1681i(b), in turn, permits the consumer to file a "statement of dispute" with the CRA in the event that the reinvestigation fails to resolve the dispute.  Finally, § 1681i(c) requires any consumer report produced subsequent to the filing of the statement of dispute to clearly note the dispute "and provide either the consumer's statement or a clear and accurate codification or summary thereof."  It thus follows that in order to plead a violation of the FCRA under § 1681i(c), the plaintiff must establish the following four elements: (1) the plaintiff disputed the accuracy of an item in his or her credit file and notified the CRA of the dispute; (2) the CRA's subsequent reinvestigation of the item failed to resolve the dispute; (3) the plaintiff filed a statement of dispute with the CRA; and (4) the CRA failed to include the statement of dispute with later copies of the plaintiff's consumer report.  15 U.S.C. §§ 1681i(a)-(c); <u>Cortez v. Trans Union, LLC</u>, 617 F.3d 688, 714-15 (3d Cir. 2010).

Defendant does not dispute that the Complaint properly pleads the first, second, and fourth elements of a claim under § 1681i(c).  Rather, Defendant argues only that Plaintiff fails to plead—and indeed, cannot plead—that he filed a "statement of dispute" with Defendant.  This Court disagrees.

With respect to the Weichert Account, Plaintiff clearly alleges in Count I of the Complaint that he wrote to Defendant both to dispute the accuracy of that item and to request an investigation on June 1, 2012.  (Dkt. No. 1, Compl., at ¶ 28).  After receiving a response from Defendant on June 30, 2012, Plaintiff again wrote to Defendant on July 30, 2012, to dispute the Weichert Account; Plaintiff also attached a copy of the original dispute letter that he had sent to Weichert.  (Id. at ¶¶ 29, 31).  On August 7, 2012, Plaintiff alleges that Defendant responded, stating that it "had already investigated this information and the credit grantor had verified its accuracy."  (Id. at ¶ 32).  Plaintiff alleges this identical pattern of communication with respect to the GMAC Account in Count II of the Complaint.  (See id. at ¶¶ 44-48).

The Court is satisfied that Plaintiff's July 30, 2012, letters sent in response to Defendant's June 30, 2012, correspondence constitute "statements of dispute" under 15 U.S.C. § 1681i(b).  These letters were sent after Plaintiff's first request for a reinvestigation yielded no change in the status of the Accounts on Plaintiff's credit report.  This is precisely the process that § 1681i requires.  Although it is not entirely clear, Defendant's argument seems to be that Plaintiff needed to do more in order for the July 30, 2012, letters to constitute "statements of dispute."  Section 1681i(b), however, is broad and imposes no specific requirements upon the consumer with regard to what must be included in a post-reinvestigation letter that reaffirms the existence of a dispute.  Rather, § 1681i(b) merely permits the consumer to "file a brief statement setting forth the nature of the dispute."  While the CRA is permitted to then "limit such statements to not more than one hundred words," it may only do so after assisting the consumer "in writing a clear summary of the dispute."  15 U.S.C. § 1681i(b).  This is all the detail that § 1681i(b) provides with respect to what information must be included in the statement of dispute.

In this case, Plaintiff clearly provided sufficient detail in his July 30, 2012, letters to put Defendant on notice as to the nature of the dispute.  Given the FCRA's remedial nature, it would be inconsistent to require a consumer to include more in his or her correspondence with a CRA than Plaintiff does here: a letter that reiterates the existence of a dispute and includes correspondence with the accountholder with respect to the basis for the dispute.  Indeed, the Third Circuit has noted that any technical requirement as to the form that a statement of dispute must take would be "inconsistent with the remedial focus of the FCRA."  Cortez, 617 F.3d at 715 n.33. Moreover, the Cortez Court—which was reviewing a district court order denying Trans Union's motion for judgment as a matter of law following a jury verdict—was quick to emphasize that although the plaintiff had made several requests to the CRA, the Court was not "suggest[ing] that a consumer must make more than one request to have notice of a dispute included in a credit report under [§ 1681(b) & (c)]."  Id. at 715 n.34.  At this early stage in the litigation of this case—and construing the pro se Complaint liberally, as the Court must—this Court cannot say as a matter of law that Plaintiff's follow-up request on July 30, 2012, was insufficient to constitute a statement of dispute.  Accordingly, the Court rejects Defendant's contention that Plaintiff has not sufficiently pled that he filed a statement of dispute.[2]

### 2. Willfulness

Defendant argues that Plaintiff fails to plead sufficient facts demonstrating that Defendant willfully violated the FCRA.  Section 1681n(a) provides for statutory and punitive damages as well as the recovery of attorney's fees and costs against "[a]ny person who willfully fails to comply

---

[2] In addition, Defendant's reliance on Seamans v. Temple Univ., 744 F.3d 853 (3d Cir. 2014), is misplaced. The portion of the case to which Defendant cites has nothing at all to do with the consumer's obligations with respect to filing a statement of dispute; rather, it simply discusses the responsibilities imposed upon furnishers of information and CRA's in providing notice to each other of a given dispute with a consumer.  See id. at 853 n.11.

with any requirement imposed under" the FCRA.  15 U.S.C. § 1681n(a).  The Supreme Court has interpreted willful non-compliance in this context to encompass not only knowing violations of the FCRA, but also reckless violations.  See Safeco Ins. Co. of Am. V. Burr, 551 U.S. 47, 57 (2007).  Recklessness, in turn, requires a showing that the CRA's reading of the FCRA was "objectively unreasonable." Id. at 69.  A willful violation of the FCRA can therefore be established where, for example, the plaintiff is able to prove that the CRA "either knowingly or recklessly adopted policies that contravened the FCRA." Adams v. LexisNexis Risk & Info. Grp., Inc., No. 08-4708, 2010 WL 1931135, at *10 (D.N.J. May 12, 2010).

While the plaintiff accordingly has a considerable burden in ultimately proving willfulness, the showing required at the pleading stage is not nearly as burdensome.  See Smith v. HireRight Solutions, Inc., 711 F. Supp. 2d 426, 435 (E.D. Pa. 2010).  In Smith, the plaintiff—who was represented by counsel—made only very general allegations regarding the defendant's policies and procedures.  See id. at 434-35.  In denying the defendant's motion to dismiss, the court first noted that the plaintiff's allegations clearly put the defendant on notice as to the conduct of which the plaintiff complained. Id. at 435.  Although the plaintiff only made blanket allegations of willful conduct, the court found that it was reasonable to "infer that Defendant's repeated engagement in the same type of objectionable conduct without justification could, at minimum, rise to the level of reckless disregard." Id.  In sum, the court reasoned that a plaintiff's failure at the pleading stage to provide a detailed account of a CRA's internal processes and procedures does not warrant dismissal; rather, the plaintiff should be afforded the benefit of discovery in order to flesh out his or her theory of willfulness. Id.

In the case at bar, the Court is similarly satisfied that the Complaint sufficiently pleads willfulness.  At the outset, it is worth reiterating that Plaintiff is proceeding in this case pro se, a

status which behooves this Court to construe the Complaint liberally. While Plaintiff only generally alleges willful conduct on the part of Defendant, the surrounding facts provide sufficient context from which willfulness can be inferred. The Complaint alleges that Defendant failed to include Plaintiff's statement of dispute with respect to multiple accounts, and not merely with respect to one account on a single occasion. As was the case in <u>Smith</u>, therefore, this case presents repeated engagement in allegedly unlawful conduct. In addition, Plaintiff alleges that after his wife sent a separate letter to Defendant in which she disputed the accounts, Defendant finally listed one of the accounts as disputed. The fact that Defendant decided to list at least that account as disputed only after receiving yet another letter suggests that proper procedures were not followed in the first instance. Considered as a whole, this alleged course of conduct gives rise to a plausible inference that Defendant recklessly disregarded the requirements of § 1681i(c).

### 3. Duplicative Claims

Defendant alleges that Plaintiff's complaint must be dismissed because it fails to comply with the requirement of Federal Rule of Civil Procedure 8(a)(2) that the complaint be limited to "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court recognizes the repetitive nature of the Complaint in restating the same set of facts for each claimed monthly violation, the Court is not convinced that such repetition violates the "short and plain statement" requirement of Rule 8. Nevertheless, Plaintiff's claims do appear to be duplicative to the extent that they attempt to state a separate cause of action for each month in which the Accounts were not listed as disputed. Section 1681i(c) does not provide consumers with a new and distinct cause of action for each month in which the CRA does not note a dispute. Rather, § 1681i(c) authorizes a cause of action only when the CRA fails to note the dispute "in any

subsequent <u>consumer</u> <u>report</u> containing the information in question."  15 U.S.C. § 1681i(c) (emphasis added).

   While the Court is satisfied that Plaintiff pleads at least two causes of action—one for each Account—the Court is not convinced that Plaintiff has sufficiently pled a violation for each ensuing month in which the Accounts were not listed as disputed.  Put simply, Plaintiff fails to allege that a subsequent consumer report (as that term is defined at § 1681a(d)) was generated in each of the months in question.  Therefore, Counts III through XXVII shall be dismissed without prejudice.  The Court will afford Plaintiff thirty days from the date of the Order accompanying this Opinion to file an amended complaint that cures the deficiencies with respect to those Counts.

**III.** **CONCLUSION**

   For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate order will follow.

s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
